IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KRISTY SIU, individually and
on behalf of all others similarly situated,

         *Plaintiffs*,

    v.

CONVOY, INC.,

         *Defendant.*

Case No. 1:23-CV-01198

**JURY TRIAL DEMANDED**

**DEFENDANT CONVOY, INC'S ANSWER
AND AFFIRMATIVE DEFENSES**

COMES NOW CONVOY, INC. ("Convoy" or "Defendant") and files this its responsive pleading to the Complaint identified above as follows:

1. Insofar as it characterizes the action and calls for a legal conclusion, no response is necessary. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

2. Insofar as it characterizes the action and calls for a legal conclusion, no response is necessary. To the extent any further response is necessary, these allegations are denied.

3. Insofar as it characterizes the action and calls for a legal conclusion, no response is necessary. To the extent any further response is necessary, these allegations are denied.

1

4. Denied except insofar as to admit that Defendant is a Delaware corporation.

5. To the extent that it calls for a legal conclusion, no response is necessary. To the extent that the averment contains a factual allegation, the Defendant is without information sufficient to admit or deny this allegation, and it is therefore denied.

6. To the extent that it calls for a legal conclusion, no response is necessary. To the extent that the averment contains a factual allegation, the Defendant is without information sufficient to admit or deny this allegation, and it is therefore denied.

7. To the extent that it calls for a legal conclusion, no response is necessary. To the extent that the averment contains a factual allegation, the Defendant is without information sufficient to admit or deny this allegation, and it is therefore denied.

8. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

9. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

10. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

11. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

12. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

13. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

14. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

15. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

16. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

17. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

18. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

19. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

20. Because these allegations — contained within both the initial paragraph and subparagraphs — call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

21. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

22. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

23. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

24. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

25. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

26. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

27. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

28. The Defendant is without information sufficient to admit or deny this allegation, and it is therefore denied.

29. The Defendant is without information sufficient to admit or deny this allegation, and it is therefore denied.

30. The Defendant is without information sufficient to admit or deny this allegation, and it is therefore denied.

31. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

## **AFFIRMATIVE DEFENSES**

A1. The allegations of the Complaint fail to state facts sufficient to constitute a cause of action and/or causes of action on which relief may be granted.

A2. The Plaintiff's claims are barred by equitable doctrines, including, without limitation, unclean hands, laches, estoppel, and/or waiver.

A3. The Plaintiff's claims are barred by the applicable statute of limitations and repose.

A4. Any recovery by Plaintiff must be set-off or reduced by any amount recovered by any other party whose acts caused or contributed to Plaintiff's damages, if any.

A5. The claims are barred by payment and/or release.

A6. The injuries and/or damages alleged in this lawsuit, which are hereby denied, were due to and caused by the failure to mitigate.

A7. Plaintiff's claims are barred by the failure to join as a party to this action a party or parties in whose absence complete relief cannot be accorded among those already parties, thereby subjecting the Defendant to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.

A8. Convoy reserves and does not waive the right to raise claims of any type against any party and/or third parties.

A9. No act, omission, or combination of acts or omissions on the part of this Defendant caused any injuries or damages to Plaintiff.

A10. Convoy reserves the right to amend this Answer and its affirmative defenses after investigation, discovery and further information is disclosed, including any and all defenses supported by the evidence proffered at trial of this matter, and Convoy is not waiving any defenses that may arise during investigation, discovery, and trial of this litigation.

A11. Plaintiff's claims under the WARN Act cannot be sustained because any layoffs or terminations of Convoy's employees were caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

A12. Plaintiff's claims under the WARN Act cannot be sustained because any layoffs or terminations of Convoy's employees occurred after a period in which it was actively seeking capital and business opportunities which, if obtained, would have enabled Convoy to avoid or postpone those actions and Convoy reasonably and in good faith believed that giving the notice required would have precluded the employer from obtaining the needed capital or business.

A13.   Plaintiff's claims under the WARN Act cannot be sustained because any layoffs or terminations of Convoy's employees occurred due to damage caused by the COVID-19 Pandemic which was classed as a "national emergency" and "natural disaster" by state and federal governments.

A14.   Plaintiff's claims under the WARN Act cannot be sustained because, at the time of the events in question, the Defendant was no longer operating as a going concern, but was rather operating for the sole purpose of liquidating.

A15.   Plaintiff personally fails to meet the requirements under Federal Rule of Civil Procedure 23 regarding his adequacy as a class representative.

A16.   The putative WARN Act class fails to meet the requirements under Federal Rule of Civil Procedure 23.

WHEREFORE, Defendant Convoy, Inc., having fully responded, demands to be dismissed from this action with costs cast against the Plaintiff.

JANUARY 4, 2024

/s/ Mark M. Billion #5263
Billion Law
1073 S. Governors Ave.
Dover, DE 19904
302.428.9400
markbillion@billionlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 4, 2024, I caused a true and correct copy of the foregoing document to be served, via electronic mail, on the following counsel of record:

**MARGOLIS EDELSTEIN**

**James E. Huggett**
Margolis Edelstein
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Email: jhuggett@margolisedelstein.com

                                                    /s/ Mark M. Billion
                                                    Mark M. Billion